UNITED STATES DISTRICT COURT
SOUTHERN DIVISION OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO: 9:23-cv-80820-RLR

BOCA VIEW CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

vs.

ELEANOR LEPSELTER and EDWARD LEPSELTER,

    Defendant(s).

_____/

## DEFENDANTS' NOTICE OF FILING AND NOTICE OF SERVICE:

The Defendants, ELEANOR LEPSELTER and EDWARD LEPSELTER, by and through their undersigned counsel, hereby file the Affidavit of Christopher S. Salivar, Esq. and the Declaration of Christopher S. Salivar, Esq., pursuant to the Court's instructions set forth in DE # 66.

CHRISTOPHER S. SALIVAR, P.L.L.C.
301 W Atlantic Ave Suite O-5
Delray Beach, FL 33444-3686
Telephone: (561) 628-8908
cssalivarattorney@gmail.com

By: _Christopher S. Salivar_
Christopher S. Salivar
Florida bar No.: 57031

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 13th day of October, 2023, that a true and correct copy of the foregoing has been filed through the Court's CM/ECF-filing portal and that a true copy has been served through the portal upon all counsel of record in this action.

By: *Christopher S. Salivar*
Christopher S. Salivar
Florida bar No.: 57031

### CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 5.1

Your undersigned hereby certifies that this filing complies with the font, sizing, and spacing requirements of Local Rule 5.1.

By: *Christopher S. Salivar*
Christopher S. Salivar
Florida bar No.: 57031

UNITED STATES DISTRICT COURT
SOUTHERN DIVISION OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO: 9:23-cv-80820-RLR

BOCA VIEW CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

vs.

ELEANOR LEPSELTER and EDWARD LEPSELTER,

    Defendant(s).

_____/

## DECLARATION OF CHRISTOPHER S. SALIVAR, ESQ.

I, Christopher S. Salivar, Esq., counsel of record for Defendants ELEANOR LEPSELTER and EDWARD LEPSELTER, do hereby file this declaration with the Court in conformance with the requirements of the Court's October 11, 2023 Order (DE # 66), as follows:

1. I am an attorney licensed to practice law in the State of Florida, and I am the principal of Christopher S. Salivar, P.L.L.C. I was admitted to the Florida bar in September of 2008, and have continually practiced law since my admission.

2. My initial experience was gained working for attorneys Steven Schwed, Esq., Charles Cartwright, Esq., and David Knight, Esq. for a personal injury firm operating in northern Palm Beach County. I worked for that firm (which has since changed names) for approximately one and a half years, before leaving the firm to join Rudd & Diamond, P.A. as an associate attorney. There, I practiced under the supervision of Michael P. Rudd, Esq. and Peter Diamond, Esq., focusing on various defense matters (the firm operated as insurance appointed counsel for clients), as well as some other matters that arose from time to time and which were not defense related (such as a maritime claim brought on behalf of a seaman injured on board a vessel while performing work in the vessel's bilge area).

3. After working at this firm for roughly one and a half years, I left to join Andrew M. Schwartz, P.A. as an associate, beginning my employment with that firm in May of 2011. While employed at that firm I worked on a wide variety of litigation matters, both in State Court and in Federal Court (including assertion and defense of adversary claims brought in Bankruptcy Court). I worked for the principal of the firm, Andrew M. Schwartz, Esq., until January of 2022, at which time I left the firm and opened Christopher S. Salivar, P.L.L.C.

4. Across the fifteen (15) years I have been a practicing attorney, I have worked on matters including general contract disputes/breach of contract claims, corporate disassociations/dissolutions, shareholder derivative claims, asset purchase and sale agreement disputes, landlord/tenant disputes, probate disputes, real estate litigation and title disputes, condominium and homeowner association disputes, construction defect litigation, defense and prosecution of statutory lien foreclosure actions, the defense of civil causes of action arising from other alleged statutory violations (both State and Federal) including consumer rights violations or deceptive and unfair trade practices, municipal violation litigation, litigation under the Fair Housing Act, litigation under the Fair Labor Standards Act, litigation under the Mandamus Act, litigation under the Administrative Procedures Act, litigation under the Americans with Disabilities Act, practice before the United States Immigration Courts and the BIA (Board of Immigration Appeals), and additional transactional practice work in the areas of estate planning, corporate formation and contract drafting, and drafting of commercial contracts (such as commercial leases and asset purchase and sale agreements). This list is illustrative of the areas in which I have practiced and gained significant experience, though it is not exhaustive as to all kinds of matters in which I have been involved. I also have extensive experience representing parties as petitioners, appellants, and appellees, in connection with appeals.

5. As to this particular case, I have continuously been an attorney of record representing the Lepselters in their disputes with the Plaintiff over ELEANOR LEPSELTER's request to have Mr. Yellin inspect the subject records since January of 2020, when Andrew M. Schwartz, P.A. was retained as counsel for EDWARD LEPSELTER and

ELEANOR LEPSELTER in connection with the Plaintiff's Complaint for Trial De Novo filed with the Clerk of the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

6. Based upon my experience, Judge Carolyn Bell (Judge of the Circuit Court in and for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida) found it appropriate to award the LEPSELTERS a recovery of attorney fee time expended by me while employed with Andrew M. Schwartz, P.A. at a rate of $395.00 per hour. She furthermore found it appropriate to award the LEPSELTERS a recovery of attorney fee time expended by me while working for my firm, Christopher S. Salivar, P.L.L.C., at a rate of $360.00 per hour.

7. As a courtesy to the LEPSELTERS, I agreed to bill time incurred by me on their behalf in connection with this matter, and the underlying State Court litigation, at a lower rate of $360.00, as they were long time clients of Andrew M. Schwartz, P.A., and as I had represented them as counsel for a number of years.

8. As set forth in greater detail in the Affidavit I have prepared and will be filing herewith, the Defendants are seeking an award of recoverable attorney's fees for the time I expended representing them in this matter at my lower rate of $360.00 per hour.

I hereby declare and affirm under penalty of perjury that the foregoing is true and accurate to the best of my knowledge and belief.

CHRISTOPHER S. SALIVAR, ESQ
Florida Bar No.: 57031

UNITED STATES DISTRICT COURT
SOUTHERN DIVISION OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO: 9:23-cv-80820-RLR

BOCA VIEW CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

vs.

ELEANOR LEPSELTER and EDWARD LEPSELTER,

    Defendant(s).

_____/

**AFFIDAVIT OF CHRISTOPHER S. SALIVAR, ESQ.**

STATE OF FLORIDA        )
                                    )
COUNTY OF PALM BEACH  )
                                    )

BEFORE ME, the undersigned authority, this day personally appeared, Christopher S. Salivar, Esq., who, after first being duly sworn, deposes and says as follows:

1. I am the principal of Christopher S. Salivar, P.L.L.C., I am over the age of 18, and I am otherwise competent to make this affidavit.
2. I have direct knowledge of the facts set forth herein.
3. My firm was retained by Defendants EDWARD LEPSELTER and ELEANOR LEPSELTER to represent their interests in this action. Your undersigned's firm agreed to represent the Defendants pursuant to the underlying retention agreement signed by the Defendants for the State Court proceedings involving the Plaintiff. A copy of that agreement is produced herewith. Pursuant to that agreement, your undersigned has kept track of all expended time by increments of .1 hours, and has kept track of the accruing fees associated therewith at a rate of $360.00 per attorney hour expended.
4. Up to and trough the preparation of this Affidavit, a sum total of 54.4 hours were expended by my firm, as follows:

| Date | Time | Amount | Work Performed |
|---|---|---|---|
| 5/27/23 | 0.6 | $216.00 | Initial meeting with clients to discuss recently filed S.D. Fla. action initiated by BV |
| 5/27/23 | 1.4 | $504.00 | Review / analyze "Verified" Complaint filed by BV |
| 5/27/23 | 0.8 | $288.00 | Initial legal Research re claims asserted by Boca View; pulling case law on legislature's reserved power to amend or repeal and effect on existing corporate governing documents |
| 6/1/23 | 0.8 | $288.00 | Continued legal research re claims asserted by BV (federal abstention where pending State Court action is ongoing) |
| 6/2/23 | 2.4 | $864.00 | Legal research re claims asserted by BV (Shepardizing cases cited by OC, and reviewing case histories) |
| 6/8/23 | 3.8 | $1,368.00 | Finalizing legal research re claims asserted by BV (Rooker-Feldman doctrine, SOL for federal declaratory judgment actions arising under FL law, and failure to establish elements entitling one to declaratory relief) |
| 6/8/23 | 4.2 | $1,512.00 | Initial work on Rule 12 Motion |
| 6/8/23 | 0.3 | $108.00 | Draft / send email to OC re S.D. Fla. action, and requesting time to set conference call to discuss case (and referencing preparation and service of Rule 11 and Rule 12 Motions) |
| 6/9/23 | 0.3 | $108.00 | Draft / prepare Motion for Leave to file Rule 12 Motion exceeding Local Rule 20 page limit |
| 6/9/23 | 0.2 | $72.00 | Draft / prepare Notice of Appearance |
| 6/10/23 | 3.4 | $1,224.00 | Continuation of work on Rule 12 Motion |
| 6/10/23 | 2.2 | $792.00 | Initial Work on Rule 11 Motion |
| 6/12/23 | 0.5 | $180.00 | Finalizing and filing Rule 12 Motion |
| 6/12/23 | 2.1 | $756.00 | Finalizing and serving proposed Rule 11 Motion |
| 6/26/23 | 0.1 | $36.00 | Review and respond to email from OC (first contact received re this case) seeking additional 15 day extension of time to respond to pending MTD (responded indicating no agreement) |
| 6/26/23 | 0.2 | $72.00 | Review BV's filed MET to respond to MTD |
| 6/27/23 | 0.1 | $36.00 | Review Court's paperless Order directing the filing of written response to MET |
| 6/27/23 | 0.6 | $216.00 | Draft / prepare (and file) Response to MET per Court's Order |
| 6/27/23 | 0.1 | $36.00 | Review Court's paperless Order granting in part and denying in part MET (new response date of 7/5) |
| 6/29/23 | 0.3 | $108.00 | Review voicemail from Alexandra De Varona re her firm's retention to represent BV in pending case; follow up call with new counsel re appearance and additional extension of time request (no agreement) |
| 6/30/23 | 0.2 | $72.00 | Draft / send email to new counsel (ADV) re extension granted through July 5 to respond to MTD |

| Date | Hours | Amount | Description |
|---|---|---|---|
| 6/30/23 | 0.2 | $72.00 | Draft / send email to current counsel (JS) re call from ADV, and whether or not he is going to continue in case; review of his response, and sending email indicating no additional extensions of time will be agreed upon |
| 6/30/23 | 0.1 | $36.00 | Review email response from ADV indicating that she has not yet decided if she will take case |
| 6/30/23 | 0.1 | $36.00 | Review DE 22, and John's comment that his withdrawal is "consented" to by me |
| 6/30/23 | 0.6 | $216.00 | Draft / file response to DE 22 |
| 7/1/23 | 0.1 | $36.00 | Review Order referring matters to Magistrate Judge Reinhart |
| 7/2/23 | 0.4 | $144.00 | Review DE 25 (standing discovery Order issued by Magistrate Judge Reinhart) |
| 7/4/23 | 0.3 | $108.00 | Updating service certification and e-filing Rule 11 Motion (and adding in Local Rule 7.1 Certification) |
| 7/5/23 | 0.1 | $36.00 | Review Order issued by Judge Reinhart setting TC for 7/6/23 at 11am |
| 7/5/23 | 0.1 | $36.00 | Draft / send email to atty DeVarona re matter status update, and filing of Rule 11 Motion (copy of filed Motion sent to counsel) |
| 7/6/23 | 0.3 | $108.00 | Appear / attend hearing on BV Mtn to Withdraw; post-hearing update to client |
| 7/7/23 | 0.4 | $144.00 | Review Order entered by Court setting pre-trial procedures and deadlines for mediation, discovery disclosures, dispositive motions, etc. |
| 7/11/23 | 0.1 | $36.00 | Review DE 32 - paperless Order granting in part and denying in part BV mtn for extension of time to respond to Rule 12 Motion |
| 7/17/23 | 2.4 | $864.00 | Review Plaintiff's Response to Rule 12 Motion, and Shepardizing case law cited by Plaintiff within Motion; making notes for use in Reply, including new counsel ignoring Giuseppe's sworn statement in Complaint as to when injury occurred |
| 7/17/23 | 3.1 | $1,116.00 | Review Plaintiff's Response to Rule 11 Motion; Shepardizing case law cited by Plaintiff; making notes for use in argument before the Court or in Reply |
| 7/18/23 | 1.6 | $576.00 | Initial work on Reply to Response to Rule 12 Motion |
| 7/24/23 | 1.1 | $396.00 | Finalizing Reply to Response to Rule 12 Motion |
| 7/26/23 | 0.3 | $108.00 | Review BV's Initial Brief filed in 4th DCA action for inconsistencies with position being taken in this action; sending email to OC re whether or not they will object to a motion to supplement Reply to include Brief as Exhibit 3 |
| 7/26/23 | 0.4 | $144.00 | Draft / prepare motion to supplement Reply |
| 8/4/23 | 0.2 | $72.00 | Review Plaintiff's written opposition to motion to supplement Reply |
| 8/10/23 | 0.1 | $36.00 | Review Notice filed by Plaintiff; notice of service on AG |

| Date | Hours | Amount | Description |
|---|---|---|---|
| 8/17/23 | 0.4 | $144.00 | Status update to client, and providing copy of Paperless Order setting 8/28/23 hearing on Rule 11 and Rule 12 Motions |
| 8/24/23 | 1.2 | $432.00 | Draft / prepare client's Rule 26 disclosure |
| 8/25/23 | 0.3 | $108.00 | Review Plaintiff's Rule 26 Disclosure |
| 8/26/23 | 2.1 | $756.00 | Initial preparation for 8/28/23 hearing; compiling copies of Motions, Responses, and Replies, and cited case authority, for ease of reference during hearing |
| 8/27/23 | 2.2 | $792.00 | Final preparation for 8/28/23 hearing - preparing arguments to present during OA portion of hearing |
| 8/28/23 | 2.6 | $936.00 | Appear / attend hearing before Judge Matthewman on Rule 12 and Rule 11 Motions |
| 8/29/23 | 2.4 | $864.00 | Preparing Notice to be filed with portions of Record containing GM's admissions regarding acting alone, and Diana's testimony confirming she played no role in his decision |
| 8/30/23 | 1.8 | $648.00 | Reviewing DE # 55 filed by BV; pulling depo and trial testimony which directly refutes the assertion that BV made a "board" decision to allow Elly, not Jonathan, to inspect the records |
| 8/30/23 | 0.6 | $216.00 | Draft / prepare DE # 56 |
| 8/30/23 | 0.2 | $72.00 | Draft / send 2 emails to OC re the direct false statements made in DE # 55, and providing OC with excerpts from Diana and Gm's deposition and trial testimony |
| 9/7/23 | 0.4 | $144.00 | Review / analyze R&R issued by Judge Matthewman |
| 9/7/23 | 0.2 | $72.00 | Communication with client re R&R issued by Judge Matthewman |
| 9/14/23 | 0.5 | $180.00 | Review / analyze Objections to R&R filed by BV |
| 9/18/23 | 1.2 | $432.00 | Draft / prepare response to BV's Objection to R&R |
| 9/25/23 | 0.2 | $72.00 | Review BV "Reply" in support of its Objections to R&R |
| 10/10/23 | 0.1 | $36.00 | Review Court's Order adopting R&R |
| 10/10/23 | 0.2 | $72.00 | TC with client re Court's Order adopting R&R |
| 10/11/23 | 0.6 | $216.00 | Review Court's Order granting in part and denying in part Rule 11 Motion |
| 10/11/23 | 0.2 | $72.00 | TC with client re Court's Order granting in part Rule 11 Motion |
| 10/11/23 | 0.4 | $144.00 | Draft / prepare sworn statement of counsel as to attorney's time, per Order granting in part Rule 11 Motion |
| **Total:** | 54.4 | $ 19,584.00 | |

5. Per the foregoing, Defendants seek an award of $19,584.00 to address the time expended by the undersigned counsel in this proceeding.

**Further Affiant Sayeth Naught Sworn.**

Dated: October 13, 2023.

_____
CHRISTOPHER S. SALIVAR, ESQ

SWORN TO AND SUBSCRIBED before me this 13 day of October 2023, by Christopher S. Salivar, Esq., who is personally known to me (X) / who has produced a valid Driver's License for purposes of identification ( ).

_____
Notary Public, State of Florida

Randi Lee Scheiblich
(print or type name of notary)



RANDI LEE SCHEIBLICH
Commission # HH 282117
Expires October 29, 2026

# *ATTORNEY/CLIENT RETENTION AGREEMENT*

**EDWARD LEPSELTER AND ELEANOR LEPSELTER,** hereinafter the **CLIENT**, hereby retain **CHRISTOPHER S. SALIVAR, P.L.L.C.**, hereinafter **ATTORNEY**, to represent **CLIENT'S** interests as retained legal counsel in the following matter:

<u>BOCA VIEW CONDOMINIUM ASSOCIATION, INC. v.
ELEANOR LEPSELTER AND EDWARD LEPSELTER</u>
Palm Beach County Case No.: 502020CA000251XXXXMB

1. <u>**INITIAL RETAINER (NO RETAINER) / FLAT FEE REPRESENTATION**</u>

**ATTORNEY** is not accepting or taking any retainer from CLIENT as ATTORNEY has agreed to represent CLIENT for a flat fee of **$7,500.00**. **CLIENT agrees that the flat fee is fully earned by the ATTORNEY at the time of payment**, and the flat fee shall cover all work and services performed by ATTORNEY in connection with the above referenced matter up to and through the conclusion of a trial before the Palm Beach County Circuit Civil trial court. ATTORNEY will take reasonable steps to keep CLIENT informed of progress and to respond to CLIENT'S and ATTORNEY will represent CLIENT through trial and post-trial motions. This Agreement does not cover representation on appeal or in collection proceedings after judgment or proceedings regarding renewal of a judgment. A separate written agreement for these services or services in any other matter not described above will be required. ATTORNEY is representing CLIENT only in the matter described above.

2. <u>**CLIENT'S DUTIES**</u>

CLIENT agrees to be truthful with ATTORNEY and not withhold information. Further CLIENT agrees to cooperate, to keep ATTORNEY informed of any information or developments which may come to CLIENT'S attention, to abide by this Agreement, to pay ATTORNEY'S bills on time, and to keep Attorney advised of CLIENT'S address, telephone number and whereabouts. CLIENT will assist ATTORNEY by timely providing necessary information and documents. CLIENT agrees to appear at all legal proceedings when ATTORNEY deems it necessary, and generally to cooperate fully with ATTORNEY in all matters related to the preparation and presentation of CLIENT'S claims.

3. <u>**COSTS**</u>

During the course of representation of the CLIENT certain costs may arise for things such as: deposition expenses (including cost of transcript and court reporter's fee for attendance), court costs (such as filing fees, service of process, subpoena costs, witness fees, etc.), discovery (such as copy services, postage, and document shipping), motion hearing and/or trial preparation costs, and expenses associated with experts which are deemed necessary to assist in the preparation and/or trial. CLIENT agrees that CLIENT shall pay, and be solely responsible for, such costs, and if such costs are to be incurred CLIENT will approve such costs in advance and once ATTORNEY receives an invoice for payment of such costs the invoice will be provided to CLIENT whereafter CLIENT will pay such costs directly.

### 4. ATTORNEY'S FEES FROM ADVERSE PARTY/ CONTINGENCY FEE

ATTORNEY has accepted retention based upon a flat fee sum identified in paragraph one (1) above. ATTORNEY agrees that the flat fee is the sole and total fee ATTORNEY will seek from CLIENT for all services ATTORNEY renders hereunder. ATTORNEY has agreed to limit CLIENT's liability to ATTORNEY to the flat fee for the sole and express benefit of the CLIENT. However, if the claims in the above referenced litigation matter allow CLIENT to seek a recovery of reasonable attorney's fees from the adverse party, and if the Court enters an Order of entitlement for such fees, then ATTORNEY will seek a recovery of such reasonable attorney's fees on behalf of the CLIENT based upon the actual time expended by ATTORNEY representing CLIENT in this matter. Even though CLIENT will only be liable to ATTORNEY for the flat fee sum, ATTORNEY will track all of ATTORNEY'S expended time for ATTORNEY'S services in the above referenced matter, tracking all work and services based on intervals of 1/10th of an hour, and will account for such time at ATTORNEY'S customary rate of $360.00 per hour. CLIENT agrees that if a final ruling is entered in favor of CLIENT, then ATTORNEY may seek an award of reasonable attorney's fees against the adverse party based upon all of ATTORNEY'S actual incurred time tracked at ATTORNEY'S customary billable rate, and if the Court awards a reasonable attorney's fee that exceeds the flat fee paid to ATTORNEY by CLIENT, then upon the satisfaction of such fee award and ATTORNEY'S receipt of same from the adverse party, then ATTORNEY shall remit and repay to CLIENT the flat fee paid by CLIENT hereunder, with ATTORNEY retaining any excess sum above the flat fee amount. Because prevailing party attorney's fee awards are totally unpredictable, it is expressly acknowledged that it is the CLIENT's responsibility to pay the total flat fee to ATTORNEY called for hereunder, and ATTORNEY makes no representations to CLIENT regarding the likelihood of obtaining a fee award against the adverse party in this action.

### 5. CLIENT APPROVAL NECESSARY FOR SETTLEMENT

ATTORNEY will not make any settlement or compromise of any nature of any of CLIENT'S claims without CLIENT'S prior approval. CLIENT retains the absolute right to accept or reject any settlement.

### 6. DISCHARGE AND WITHDRAWAL

CLIENT may discharge ATTORNEY at any time. ATTORNEY may withdraw with CLIENT'S consent or for good cause or if permitted under the Rules Regulating the Florida Bar and/or applicable law. Among the circumstances under which ATTORNEY may withdraw are: (a) with the consent of CLIENT; (b) CLIENT'S conduct renders it unreasonably difficult for the ATTORNEY to carry out the employment effectively; (c) CLIENT fails to pay ATTORNEY'S fees as required by this Agreement; (d) if CLIENT has misrepresented or failed to discuss material facts with ATTORNEY; and/or (e) if CLIENT fails to follow the ATTORNEY's advice.

7. **REPRESENTATIONS, AND DISCLAIMER OF GUARANTEE AND ESTIMATES**

The CLIENT acknowledges that ATTORNEY has made no guarantees regarding the disposition or ultimate outcome of this matter, and any comments or statements made by ATTORNEY are only the opinions of the ATTORNEY. Nothing in this Agreement and nothing in ATTORNEY'S statements to CLIENT will be construed as a promise or guarantee about the outcome of the matter. ATTORNEY makes no such promises or guarantees. ATTORNEY'S comments about the outcome of the matter are expressions of opinion only, are neither promises nor guarantees, and will not be construed as promises or guarantees.

8. **NO TAX ADVICE**

ATTORNEY has not been retained to provide CLIENT with any tax advice concerning any of the services to be rendered by ATTORNEY hereunder. Documents prepared by ATTORNEY, specifically including but not limited to any settlement agreement(s), may have specific tax ramifications for CLIENT. To be sure CLIENT understands and is certain of all the potential tax consequences, CLIENT should consult with tax advisors regarding these matters.

9. **ENTIRE AGREEMENT**

This Agreement contains the entire agreement of the parties. No other agreement, statement, or promise made on or before the effective date of this Agreement will be binding on the parties.

10. **MODIFICATION BY SUBSEQUENT AGREEMENT**

This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them.

**THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM AS OF THE DATE ATTORNEY FIRST PROVIDED SERVICES. IF MORE THAN ONE CLIENT SIGNS BELOW, EACH AGREES TO BE LIABLE, JOINTLY AND SEVERALLY, FOR ALL OBLIGATIONS UNDER THIS AGREEMENT. CLIENT WILL RECEIVE A FULLY EXECUTED COPY OF THIS AGREEMENT.**

_____  
CLIENT

_____

_____  
1/18/22  
DATE

_____  
**CHRISTOPHER S. SALIVAR, ESQ.**  
Christopher S. Salivar, P.L.L.C.  
6576 Whispering Wind Way  
Delray Beach, FL 33484  
(561) 628-8908 Telephone  
cssalivarattorney@gmail.com

1/18/22  
DATE

_____
CLIENT

_____

_____
1/18/2022
DATE