UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-80820-ROSENBERG/MATTHEWMAN

BOCA VIEW CONDOMINIUM
ASSOCIATION, INC.,
        Plaintiff,
vs.

ELEANOR LEPSELTER and
EDWARD LEPSELTER,
        Defendants.
_____/

## RESPONSE BY PLAINTIFF BOCA VIEW CONDOMINIUM ASSOCIATION TO DEFENDANT'S REQUESTED AMOUNT OF SANCTIONS (DE 67)

Plaintiff, BOCA VIEW CONDOMINIUM ASSOCIATION, INC ("Boca View"), by its undersigned counsel, pursuant to the order of this Court, DE 66, hereby submits its position on the amount of sanctions to be ordered in this case against Plaintiff.  Other parties subject to the Court's order will be filing their own response through independent counsel.

Boca View, as demonstrated by its pending Objection to this Court's Order filed this day, challenges the assessment of any Rule 11 sanction.  In particular, since the basis of the Court's Order (DE 66) was rejection of the legal merits of the complaint filed in this matter (DE 1), Fed. R. Civ. P. 11(c)(5)(A) precludes any monetary sanction against Boca View as a represented party.  The issues identified by the Court as making the Plaintiff's complaint "frivolous"—the Court's finding of

the likely preclusive impact of findings in other litigation, the Court's finding as to recoverability of attorney's fees and the Court's finding as to the inability to interfere or affect state court proceedings—are all legal issues which cannot be the basis for sanctions for a represented party. Even if there were a basis for sanctions, it would have to be non-monetary, such as a reprimand or a "non-monetary directive." Rule 11(c)(4).

In the event that a monetary sanction is considered, Boca View opposes the Defendants' request for an award of $19,584. In doing so, Boca View does not challenge the hourly rate or time spent on this matter by Defendants' counsel. The Defendants are not seeking fees under a prevailing party argument, but under a Rule 11 motion based on the supposed frivolousness of the initial complaint. Rule 11 sanctions, once found appropriate, should be limited to what suffices to accomplish the purpose of the Rule, which is deterrence and not compensation. Bearing in mind that Boca View is a non-profit corporation whose only ability to pay comes from assessments from its 72 unit owner members, the Court's discretion should be exercised in favor of Plaintiff.

Further, a party seeking compensation for its fees under Rule 11 must mitigate its damages. *Thomas v. Capital Sec. Services, Inc.,* 836 F. 3d 866, 879 (5th Cir. 1988). Defendants did not so do. They did not, for example, ask for a stay of this action pending the resolution of Florida appellate proceedings, which likely would

have been granted, probably by agreement. This would have avoided the vast majority of fees incurred on this case by all parties. Depending on the ruling by the Fourth District, this case might have been mooted, dismissed, or remained to be litigated. The application of *res judicata* to this case, for instance, would have been dramatically different if the Florida appellate court affirmed the trial or remanded for a new trial de novo.

Further, Defendants relied erroneously on two grounds throughout this litigation, the application of *Rooker-Feldman* principles and statute of limitations. This Court correctly rejected both arguments as wrong. As to the former, the Supreme Court has made clear that preclusion principles, and not the so-called *Rooker-Feldman* rule, apply when there is state and federal parallel litigation. *Exxon-Mobil Corp. v. Saudi Basic Ind. Corp.,* 544 US 280 (2005)(holding that *Rooker-Feldman* does not apply to federal litigation begun before the allegedly inconsistent state litigation is over); *Nicholson v. Shafe,* 558 F.3d 1266, 1279 (11th Cir. 2009)(reversing sanctions and citing *Exxon-Mobil Corp. v. Saudi Basic Ind. Corp., supra* at 294 n.9 (2005).

This Court also rejected the limitations argument, albeit implicitly, as it acknowledged in it sanctions order (DE 66 at 7), presumably because a court would not resolve a moot and hypothetical dispute not presented in the context of an adverse case or controversy. The efforts by Defendants on these two erroneous and

faising arguments—which obviously did not profit either them or the Court—should not be compensated.

The Court dismissed the complaint, ultimately, because of its discretionary power to do so. DE 61 at 12-16. This authority was barely touched upon by defendants as a basis for dismissal, DE 17 at 26-27, and was acknowledged by Plaintiff. The Court, of course, could have (had its discretion to accept the declaratory claims been exercised) resolved the declaratory issues raised in the complaint without "intervening in state court proceedings," i.e., simply by ruling on the constitutional issue presented.

The long and short of it is that most of the defendant's arguments to this Court were rejected and time spent on them should therefore not be compensated. If any monetary sanction is awarded, which should not occur, that sanction should be in the range of $6,500 (one-third of the claimed fees).

        Respectfully submitted,

        COFFEY BURLINGTON, P.L.
        2601 South Bayshore Drive, Penthouse
        Miami, FL  33133
        Tel:  305-858-2900

    By: */s/Jeffrey B. Crockett*
        Jeffrey B. Crockett, Fla. Bar No. 347401
        jcrockett@coffeyburlington.com
        bdiaz@coffeyburlington.com
        service@coffeyburlington.com

    *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on October 25, 2023, on all counsel or parties of record on this Service List:

| | |
|---|---|
| Alexandra Sierra-De Varona<br>Mayelin T. Rodriguez<br>DE VARONA LAW<br>4800 N. Federal Highway, Suite 104-D<br>Boca Raton, Florida 33431<br>(561) 600-9070 (office)<br>(561) 600-9077 (fax)<br>mtr@devaronalaw.com<br>asd@devaronalaw.com<br><br>*Counsel for Plaintiff* | Christopher S. Salivar, Esq.<br>CHRISTOPHER S. SALIVAR, P.L.L.C.<br>301 W Atlantic Avenue, Suite 0-5<br>Delray Beach, FL 33444<br>cssalivarattorney@gmail.com<br><br>*Counsel for Defendants* |
| Raymond L. Robin<br>KELLER LANDSBERG PA<br>500 East Broward Boulevard, Suite 1400<br>Fort Lauderdale, Florida 33394<br>Telephone: (954) 761-3550<br>raymond.robin@kellerlandsberg.com<br>rita.vanarsdale@kellerlandsberg.com<br><br>*Counsel for Alexandra Sierra-De Varona*<br>*Mayelin T. Rodriguez and De Varona Law* | |

By: /s/Jeffrey B. Crockett