UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-CV-80820-ROSENBERG

BOCA VIEW CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

vs.

ELEANOR LEPSELTER, et al.,

    Defendants.
_____/

### ORDER OVERRULING OBJECTIONS TO
### MAGISTRATE JUDGE'S IMPOSITION OF RULE 11 SANCTIONS

This matter is before the Court on Plaintiff's Counsels' Objection to Magistrate Judge at docket entry 71, Plaintiff's Counsels' Amended Objection to Magistrate Judge at docket entry 75, and Plaintiff's Objections at docket entry 73. The Court **OVERRULES** these objections for two reasons.

First, if the applicable standard of review of the Magistrate Judge's imposition of Rule 11 sanctions is a determination whether the Magistrate Judge's ruling was clearly erroneous or contrary to law, the Court finds that the Magistrate Judge's ruling was *not* clearly erroneous or contrary to law. *See* 28 U.S.C. § 636 (permitting a district court judge to reconsider any pretrial matter decided by a magistrate judge that is clearly erroneous or contrary to law). Second, if the applicable standard of review of the Magistrate Judge's ruling is a *de novo* review,[1] the Court finds that it would have imposed Rule 11 sanctions for precisely the same reasons that the

---

[1] *See Norelus v. Denny's, Inc.*, No. 94-2680, 2000 WL 35528225, at *1 (S.D. Fla. June 30, 2000) (reviewing the imposition of Rule 11 sanctions *de novo*).

Magistrate Judge imposed sanctions; the Court agrees with the Magistrate Judge's order at docket entry 66.[2]

There is one matter raised in the objections that warrants additional discussion. Counsel for the Plaintiff contends that they were not aware of the Defendants' intent to seek Rule 11 sanctions from them personally until the day of the underlying hearing on this matter, August 28, 2023, and that they therefore had no opportunity to avail themselves of the twenty-one day safe harbor provision in that Rule. The Court rejects this argument for five reasons, delineated in **bold** below.

**First**, counsel never sought the protection of Rule 11's safe harbor provision, whether before or after the August 28 hearing. Instead of distancing themselves from the sanctionable legal argument set forth in the Magistrate Judge's Order, counsel pressed the same arguments at the hearing, waited until the Magistrate Judge entered his Report and Recommendation and then, in the form of an objection, pressed the same sanctionable legal argument as before while making irrelevant personal attacks on the Defendants in this case. *E.g.,* DE 62 at 2-3 ("[C]ontrary to Magistrate Judge Matthewman's perception, it is Defendants who have demonstrated a decade-long, systematic . . . harrassment against [Plaintiff]. . . . Defendant[s' counsel] had a relationship in representing other disgruntled unit owners and 'straw people.'").

**Second**, counsel had plenty of time (far in excess of Rule 11's twenty-one day safe habor provision) both before and after the August 28 hearing to move to withdraw as counsel, amend the Complaint, or abandon sanctionable legal arguments. Counsel did not do so.

**Third**, the Court has closely reviewed the transcript of the August 28 hearing. DE 60. That transcript reflects that counsel *did* have notice that the Rule 11 motion applied to them:

---

[2] The Court expresses no opinion on how it would have ruled if arguments raised for the first time in the objections were properly raised in earlier proceedings—arguments that were not raised before the Magistrate Judge.

> Counsel for the Plaintiff: [W]e were not within the safe harbor by the time we had to file this response . . . . We were still within the safe harbor, but we still had to advocate for our client . . . . by the time that all our filings were due, we were still within the safe harbor period.

*Id.* at 93. The transcript indicates that the Defendants served the Rule 11 motion upon counsel:

> Counsel for the Defendants: [T]he motion had been filed and a copy of the motion had already been provided to them before the formal appearance in the case.

*Id.* at 94; *see also* DE 76 at 5. The Rule 11 motion was specifically directed to "Plaintiff and Plaintiff's counsel," and it was based not only upon the Plaintiff's filing of the Complaint, but also upon the "advancement" of the Complaint, which later-arriving counsel did of course do. DE 26 at 1, 30.

**Fourth**, it is immaterial that counsel began to represent the Plaintiff after the Complaint, motion to dismiss, and motion for sanctions were filed in this case. As one district court observed:

> It would be strange if the Court were to find that substituting counsel could not be held responsible for prior pleadings that they later advocate. This would allow for one set of attorneys to file a lawsuit that violated Rule 11, for those attorneys to withdraw their appearance, and then for the incoming attorneys to continue the lawsuit without sharing any of the responsibility for its lack of merit.

*Vehicle Operation Techs. LLC v. Am. Honda Motor Co. Inc.*, 67 F. Supp. 3d 637, 654 (D. Del. 2014).[3]

**Fifth**, to the extent counsel now argues that, as a procedural matter, Defendants' Rule 11 motion needed to be amended, needed to be re-served, or some other related ground for denial, such arguments were never raised before the Magistrate Judge.[4] Pursuant to *Williams v. McNeil*,

---

[3] In *Vehicle Operation*, the court ultimately declined to award Rule 11 sanctions because the Rule 11 motion was not served upon later-appearing counsel. Here, it appears that the Rule 11 motion *was* served upon later-appearing counsel but, even if it wasn't, counsel made no such argument on failure-to-serve to the Magistrate Judge and, for the reasons set forth below, the Court need not consider arguments that were never raised before the Magistrate Judge.

[4] Instead, at the hearing counsel pursued the curious argument that because responses to the Defendants' motions were due within the twenty-one-day safe harbor provision of Rule 11, they were somehow powerless not to make a

557 F.3d 1287, 1291 (11th Cir. 2009), this Court may refuse to consider any argument not raised before a magistrate judge. Counsel never informed the Magistrate Judge, as they now argue, that the first time they learned they could be liable for sanctions was at the August 28 hearing. Relatedly, counsel never argued that they had improper notice of the Defendants' pursuit of Rule 11 sanctions against them. Finally, counsel never moved to amend prior responses to include such arguments, for leave to file an independent response on behalf of counsel, or leave to file a sur-reply to the Rule 11 motion. Instead, counsel waited to see how the Magistrate Judge would rule, and filed nothing.

Counsel's failure to raise these arguments to the Magistrate Judge is not harmless error. By failing to make these arguments, the Magistrate Judge was unable to hear argument or take evidence on the issue, such as evidence of service or evidence of notice. Stated differently, counsel was sanctioned for pursuing groundless, needless litigation in federal court, but by failing to make their arguments before the Magistrate Judge, counsel has again needlessly prolonged litigation. The Court exercises its discretion not to consider newly-raised arguments the Magistrate Judge had no opportunity to consider, and for all of the foregoing reasons, the Court **OVERRULES** all objections to the Magistrate Judge's order imposing sanctions.[5]

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 27th day of October, 2023.

*Robin L. Rosenberg*
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

---

legally sanctionable argument. DE 60 at 93 ("We were still within the safe harbor, but we still had to advocate for our client.").

[5] The Court expresses no opinion on the proper quantification of awardable fees, given counsel's later appearance in this case, as that matter remains pending before the Magistrate Judge.