UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-CV-80820-ROSENBERG

BOCA VIEW CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

vs.

ELEANOR LEPSELTER, et al.,

    Defendants.
_____/

**SECOND ORDER OVERRULING OBJECTIONS TO**
**MAGISTRATE JUDGE'S IMPOSITION OF RULE 11 SANCTIONS**

    This matter is before the Court on the Plaintiff's Objections to Order Imposing Monetary Rule 11 Sanctions at docket entry 71. The Plaintiff previously objected to the Magistate Judge's imposition of Rule 11 sanctions. DE 73. The Court overuled the Plaintiff's objections. DE 77. The Magistrate Judge then quantified the amount of sanctions the Plaintiff must pay, resulting in the objections before the Court. DE 79. The Court **OVERRULES** the newest objections, but one argument raised in the objections warrants discussion.

    The Plaintiff argues that it cannot be sanctioned because its counsel made frivolous legal argument, and it is true that, as a general matter, a plaintiff should not be sanctioned for frivolous legal argument made by its counsel. *E.g., Schrag v. Simpson*, 141 F.3d 1185 (10th Cir. 1998) (citing *White v. Gen. Motors Corp.*, 908 F.2d 675, 686 (10th Cir. 1990)). It is also true, however, that a plaintiff can be sanctioned for legal argument when the plaintiff has knowledge that the legal argument is frivolous but elects to continue the suit anyway. *Id.*

Here, the Court is unpersuaded[1] by the Plaintiff's objections for three reasons. First, instead of limiting the objections to the *amount* of monetary sanctions to be awarded, the Plaintiff's objections improperly reargue the underlying decision to award sanctions against the Plaintiff. *E.g., Marlite, Inc. v. Eckenrod*, No. 10-CV-23641, 2012 WL 3614212, at *2 (S.D. Fla. Apr. 21, 2012) ("[P]arties are not to be afford a 'second bite at the apple.'"). Second, as detailed below the Magistrate Judge found that the Plaintiff's case was premised upon a factually frivolous position—not just a legally frivolous position—and a plaintiff may be sanctioned for such conduct. *E.g.*, *Worldwide Primates, Inc. v. McGreal*, 26 F.3d 1089, 1093 (11th Cir. 1994). Third, the Magistrate Judge found that the Plaintiff knowingly participated in counsel's assertion of a legally frivolous lawsuit, which is also sanctionable conduct.

The Magistrate Judge found as follows: "[I]t is clear that Plaintiff *and* its counsel filed and then continued to file a factually and legally frivolous Complaint in bad faith based on a legal theory with no reasonable chance of success, all for an improper purpose." DE 66 at 10 (emphasis added). The Magistrate Judge detailed the extraordinary historical predicate underpinning the Plaintiff's initiation of this lawsuit and the knowledge that the Plaintiff gained as part of that process:

> This federal lawsuit was improvidently filed after 1) a lengthy and contentious arbitration proceeding before the State of Florida Department of Professional Regulation, Division of Florida Condominiums, Timeshares and Mobile Homes' Chief Arbitrator Mahlon C. Rhaney, Jr., where Plaintiff lost; 2) a lengthy and contentious trial *de novo* before Palm Beach County Circuit Judge John S. Kastrenakes, where Plaintiff lost; 3) further contentious motion practice before successor Palm Beach Circuit Judge Carolyn Bell, which Plaintiff lost; 4) the denial of Plaintiff's motion to stay by Palm Beach Circuit Judge Bell; 5) the filing of an appeal by Plaintiff to the Florida Fourth District Court of Appeals, which

---

[1] As the Court previously ruled, regardless of whether the standard governing this appeal is *de novo* review or clearly erroneous review, the Court affirms the Magistrate Judge's decision. *See* DE 77 at 1-2.

>appeal remains pending; and 5) the Fourth District Court of Appeal's denial of Plaintiff's motion for a stay.

*Id.* The Plaintiff's repeated efforts to litigate, in the Magistrate Judge's words, "a simple records request," is why the Magistrate Judge classified the Plaintiff as a vexatious litigant. *Id.* at 11. The Plaintiff is a vexatious litigant, the Magistrate Judge reasoned, because an impartial arbitrator informed it that its "defenses [were] without merit." *Id.* at 11. Then, after a trial *de novo* over the arbitrator's decision, a Florida Circuit Court Judge then again informed the Plaintiff: (i) that the arbitrator was correct, (ii) that the Plaintiff's argument lacked legal support, (iii) that the Plaintiff's entire premise was flawed, (iv) that the Plaintiff itself lacked credibility, and (v) that the Plaintiff's position was "nonsensical." *Id.*

Notwithstanding the completion of arbitration and a trial *de novo*, the Plaintiff continued litigation. A second, succeeding Circuit Court Judge then adopted and reaffirmed the first judge's rulings, found that the Plaintiff's "statement of facts" was really a "statement of unproven theories," and was "unproven rhetoric" that was "large irrelevant." *Id.* at 2. The second Circuit Court Judge awarded the Defendant $246,000 in attorney's fees and costs. *Id.* at 10. Instead of focusing on an appeal in state court of all adverse decisions, the Plaintiff elected to request extraordinary relief in federal court—to request that this Court issue an injunction **to halt the state appellate court process** and to declare that a Florida statute underpinning the entire matter unconstitutional, even though that argument could have been raised in the state court proceedings. As explained by the Magistrate Judge:

>Not content with its repeated losses before the State Arbitrator and two Florida Circuit Judges, Plaintiff has now asked this Court to effectively reverse the decisions of the Arbitrator and State Court Judges and come to a completely contrary conclusion than the state trial court and the arbitrator—all while a state appeal is pending—because Plaintiff did not like the results it obtained previously

> in its years of contentious litigation. The extraordinary relief sought by Plaintiff here requests and demands that this Court 1) temporarily and permanently stay the state court proceedings; 2) adjudicate that Plaintiff does not have to produce any records; and 3) award Plaintiff its costs and attorney's fees. Such overbroad, improper and frivolous demands for relief demonstrate the frivolity of Plaintiff's Complaint and would cause a first-year lawyer to hit the pause button. However, Plaintiff *and* its current counsel brazenly seek and pursue such relief without a good faith basis to do so.
>
> . . .
>
> The Court finds that Plaintiff *and* its counsel have clearly acted vexatiously and in bad faith in filing and pursuing the relief sought in the Complaint in this federal action in what can best be described as an attempt to hedge its bets, delay production of the records to Defendants, and forum shop.

*Id.* at 12 (emphasis added).

As for the Plaintiff's factually frivolous contentions, the Magistrate Judge had this to say:

> The Court additionally finds that Plaintiff has fabricated a purported statutory constitutional challenge in an after-the-fact effort to justify the wrongful decision of Plaintiff to deny Defendants and their counsel access to the Association records. In this regard, it is important to note that the Circuit Court previously determined that the testimony of Giuseppe Marcigliano [Boca View's board member and vice president] established that he alone made the decision to deny Eleanor Lepselter's representative access to the requested records, and that his decision was made based upon a combination of pure conjecture (that Jonathan Yellin, Esq. was seeking access to records [from] some other persons behind the scenes) and his own dislike and distrust of Mr. Yellin, whom Mr. Marcigliano referred to as a "liar" and a "fake lawyer." Mr. Marcigliano also testified that, at the time he decided to deny access to Mr. Yellin, he did not have any specific provision of Florida Statutes Chapters 617 or 718 in mind to support his decision.

*Id.* at 13. The Magistrate Judge then summed up the Plaintiff's factually frivolous position as follows:

> Even considering all of the underlying evidence in the light most favorable to Plaintiff, the constitutionality of the Florida statutes simply was not even contemplated at the time of the records inspection denial. In fact, it is clear that no Florida statute was contemplated when the records request was wrongfully denied. Plaintiff's Board Member Mr. Marcigliano wrongly denied the records request because he disliked and did not trust the attorney for the Lepselters. Yet,

> now, Plaintiff trumpets its constitutionality claim despite the fact such claim was never even relied upon or envisioned by Board Member Marcigliano when he wrongly and improperly denied the Lepselters' records request. Plaintiff has raised post-hoc arguments, which are factually and legally frivolous, in an effort to attempt to belatedly justify its wrongful denial of the records request well after the fact when there simply was no justification for denial of the records request made by the Lepselters back in 2019.

*Id.* at 13-14. Finally, the Magistrate Judge detailed how the Plaintiff's conduct at oral argument underscored its knowledge and participation in a frivolous suit:

> Given the complicated, vexatious and lengthy litigation history of this case before the arbitrator and the Palm Beach County Circuit Court; the Court's observations of the collaboration between Igli Kuka, a representative of Plaintiff, and Plaintiff's counsel at the hearing on the Motion; the fact that Plaintiff's representative sat at counsel table with Plaintiff's counsel at the hearing before the Undersigned and communicated with counsel throughout; and the fact that Plaintiff has been represented by multiple different attorneys at different points in this litigation, the Court finds that Plaintiff knew or should have known the allegations in the Complaint were frivolous, vexatious, and without factual or legal support. Furthermore, and importantly, Plaintiff appears to be the leading force behind this frivolous action. Thus, the Undersigned specifically finds that sanctions are appropriate against Plaintiff.

*Id.* at 14. The Plaintiff's second objection to the imposition of Rule 11 is sanctions is **OVERRULED**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 18th day of December, 2023.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE